UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CLARK IV, #222915,

        Plaintiff,

v.                                        CASE NO. 2:10-CV-11994
                                          HONORABLE MARIANNE O. BATTANI

S. HAVELKA, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

      Plaintiff Aaron Clark IV, a state prisoner confined at the Alger Correctional Facility in Munising, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events which occurred while he was confined at the St. Louis Correctional Facility in St. Louis, Michigan. Although the complaint is somewhat difficult to follow, Plaintiff's claims appear to concern the response of prison officials to his complaints about perceived danger from fellow inmates, their verbal comments and retaliation, and the confiscation of his legal materials and personal property. Plaintiff seeks monetary damages to compensate him for all of the "mental and emotional torture" he suffered while housed at the St. Louis Correctional Facility. Plaintiff names Michigan Governor Jennifer Granholm, Michigan Department of Corrections ("MDOC") Director Patricia Caruso, Assistant Director J. Armstrong, Warden Nick Ludwick, and 16 other MDOC employees as defendants in this action. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee for this action.

1

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state claims upon which relief may be granted. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II.     Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v.*

2

*McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted.

      A.      <u>Claims Against Defendants Granholm, Caruso, and Armstrong</u>

As an initial matter, Plaintiff's claims against defendants Granholm, Caruso, and Armstrong must be dismissed because Plaintiff has failed to allege any facts demonstrating the personal involvement of those defendants in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Granholm, Caruso, and Armstrong. Any claim that those defendants failed to properly supervise other employees, should be vicariously liable for employees' actions or inaction, did not respond to the situation, or erred in denying his grievances is insufficient to state a claim under § 1983.

Plaintiff has also not alleged facts showing that any injury he may have suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1948-

49 (2009) (stating that Federal Rule of Civil Procedure 8 demands more than "unadorned" accusations and that a complaint must contain more than "naked assertions" of improper conduct); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Plaintiff's claims against defendants Granholm, Caruso, and Armstrong must therefore be dismissed.

B.     Claims Regarding Response to Safety Concerns

Plaintiff first alleges that prison officials at the St. Louis Correctional Facility failed to properly respond to his safety concerns about threats of potential danger from fellow inmates. A prisoner may state an Eighth Amendment claim under §1983 where prison officials encourage or fail to protect the prisoner from assault by another prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Id*. at 834. Plaintiff does not allege facts which indicate that the prison officials were deliberately indifferent to his safety needs. He does not allege that any prisoners physically assaulted him or that prison officials failed to protect him from actual harm. As noted, conclusory allegations are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings. Plaintiff merely asserts that one or more fellow inmates had harassed and/or threatened him. However, a hypothetical risk of danger is not sufficient risk to sustain a claim of deliberate indifference under the Eighth Amendment. *See Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001). Moreover, allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 and his claim must be dismissed. *See Vandelinder v. Snow*, No. 08-CV-11584, 2008 WL 2980037, *2

4

(E.D. Mich. July 31, 2008) (summarily dismissing similar claim).

Additionally, Plaintiff seeks damages for mental anguish and emotional distress in his complaint based upon the defendants alleged failure to properly respond to his concerns about potential danger from fellow inmates. His complaint must be dismissed because he seeks recovery for mental or emotional injuries. The PLRA specifically provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). This bar applies to statutory and constitutional claims. *See Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. June 20, 2001). Plaintiff fails to allege any facts to establish a physical injury resulting from the defendants' challenged conduct. Accordingly, his claims of mental and emotional anguish, *i.e.* those seeking damages for the intentional infliction of emotional distress, must be dismissed.[1]

Lastly, to the extent Plaintiff alleges that the defendants were negligent in responding to his concerns, he also fails to state a claim upon which relief may be granted under § 1983. *See, e.g., Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994).

C.   Verbal Harassment and Retaliation Claims

Plaintiff also seems to claim that certain defendants violated his constitutional rights by engaging in acts of verbal harassment and that such remarks were retaliatory in nature. As

---

[1] The Court notes that injunctive relief is not available with respect to this claim as Plaintiff has already been transferred to another prison.

5

noted, however, allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey*, 832 F.2d at 954-55. Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's allegations of verbal harassment fail to state a claim upon which relief may be granted under § 1983. Such claims must therefore be dismissed.

Plaintiff relatedly asserts that he has been subject to retaliation. Government officials may not retaliate against someone for engaging in constitutionally-protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* at 394. The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not satisfied his burden. He merely asserts, in conclusory fashion, that the defendants retaliated against him. He does not support this assertion. For example, he does not allege facts which show an improper motive or a causal connection between any constitutionally-protected activity and retaliatory conduct. As noted, conclusory allegations are

6

insufficient to state a § 1983 claim, *see Lanier*, 332 F.3d at 1007; *see also Iqbal*, 129 S. Ct. at 1949, and bare allegations of malice are insufficient to establish a constitutional violation. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (citing cases). Plaintiff has failed to state a retaliation claim in his complaint.

D. Property Deprivation Claims

Lastly, Plaintiff asserts that certain defendants improperly confiscated his legal materials and personal property. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so. The State of Michigan provides several adequate post-deprivation remedies for such claims. *See, e.g., Copeland*, 57 F.3d at 480; *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). Plaintiff has neither alleged nor established that the state remedies are inadequate. He has thus failed to state a claim upon which relief may be granted under § 1983. His claims regarding the loss of his legal materials and personal property must be dismissed.

**III. Conclusion**

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state

7

claims upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2010


CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via U.S. Mail or electronic filing.

s/Bernadette M. Thebolt
Case Manager